STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-97-548

REC'D & FILED
Nancy A. Desjardin

FEB 28 2000

Clerk of Courts
Kennebec County

JAMES H. SIMONSON,

    Petitioner

v.

STATE OF MAINE,

    Respondent

DONALD L. GARBRECHT
LAW LIBRARY

APR 7 2000

DECISION AND ORDER
JRA-KEN-2/28/2000

This matter is before the court on the petitioner's Amended Petition for review of his convictions for Unlawful Possession of Schedule W Drugs and Aggravated Trafficking in Schedule W Drugs. 17-A M.R.S.A. § 1107, 1105. *See* entries at Kennebec County Superior Court, Docket No. CR-94-260. The petitioner's claim is that he was denied effective assistance of counsel and that therefore his convictions should be vacated and a new trial ordered. This claim is expressed in four grounds which identify four alleged shortcomings in the petitioner's trial representation which taken together, or separately, amount to a constitutional deprivation of his right to counsel at trial.

Grounds Two and Three of the Amended Petition assert defective advocacy in that trial counsel failed to file a motion to suppress evidence seized from a barn and the house where the petitioner lived. The basis for the motion to suppress, according to the petitioner, was that the warrant was "over broad" (sic). More specifically, the petitioner's argument appears to be that because others had access to

the barn and the house, and the warrant was not limited to the room he occupied, it was constitutionally defective and should have been challenged.

Perhaps recognizing the lack of merit in this contention, the petitioner does not address this issue in his post-hearing memorandum. Indeed, trial counsel did explore the possibility of suppressing the evidence seized as the result of the warrant in question and solicited the advice of several more experienced practitioners in this area of law, all of whom told the attorney that the warrant was sound and not subject to attack. This advice was appropriate as nothing in the warrant or attached affidavit appears to suffer from any defect and the petitioner has cited none. Instead, the petitioner has apparently confused attacking a warrant on constitutional grounds via a motion to suppress with attacking the admissibility of evidence seized as a result of the warrant on foundational or relevance grounds. Thus, while the warrant in question appears to be sound, there might have been some debate as to whether or not the prosecution could link the evidence seized with the petitioner at trial in order to establish either possessory conduct or trafficking in the substances seized.

Trial counsel did attempt to sever any connection between the drugs seized and the petitioner by establishing that his fingerprints were not on any of the paraphernalia or contraband seized and that other people in the house had equal or greater access to the condemning evidence. T.T., pp. 144-147, 150-160. While such an effort would be insufficient to exclude this evidence, it might serve to exculpate the accused. This was obviously trial counsel's purpose and was competently

2

pursued. As such, counsel's performance in this regard did not fall below that of an ordinary fallible attorney and these two grounds will not serve to support the petitioner's claims of ineffective assistance of counsel. *State v. Brewer*, 1997 ME 177, ¶¶ 16-17, 699 A.2d 1139, 1144.

In Grounds One and Four of the Amended Petition the petitioner asserts that his counsel was ineffective by failing to investigate, locate and call witnesses who would provide him an alibi or who would contradict the testimony of one of the principal witnesses against him, John Zinkovitch.

In this latter claim, which is articulated in Ground One, the petitioner complains that his attorney should have located and called as a witness the clerk at the store where John Zinkovitch said the petitioner bought inositol, a cocaine cutting agent, on the date of the alleged offense. If he had done so, the petitioner argues, the clerk would have testified that he did not purchase the inositol and, as a result, not only would Zinkovitch's testimony be contradicted, his alibi that he was elsewhere that day would also be strengthened.

At the outset, it must be observed that no testimony was adduced at the hearing on the Amended Petition that the identity of this clerk has ever been ascertained by anyone associated with this case and, even if this person were to have been located, there was no rationale offered as to why or how this person would have remembered this transaction or testified as the petitioner has suggested. More importantly, however, Levi Jackson, the private investigator retained by the defense in this case, was told by the petitioner that he had in fact purchased the inositol but

3

that no one could prove he had done so because he did not have to sign for it. Assuming that the private investigator reported this information to trial counsel, the attorney would have to consider it an unwise tactic to then locate or call as a witness this store clerk who, if he remembered the transaction, either might be prompted to call the police about this event, or might testify that in fact the petitioner did, as he told Mr. Jackson, purchase the inositol. Either way, the State's case and the testimony of Mr. Zinkovitch would be bolstered and that of the defendant weakened. *See* T.T., p. 44.

Instead of pursuing such a reckless tactic, trial counsel took the more cautious approach and elicited from the investigating officer that the lot numbers on the inositol found at the petitioner's home cannot be relied upon to determine the retail source of this cutting agent. T.T., pp. 162-163. While this tactic did not directly contradict Zinkovitch's testimony, it might have served to undermine the link between the inositol found at the petitioner's home and the store where Zinkovitch said it was purchased. This approach was a tactical one and reasonable in light of the risks posed by locating and calling the store clerk as a witness. As such, it was a matter "left to the professional judgment of the attorney" which was neither unreasonable nor evidence of ineffectiveness. *Brewer*, 1997 ME 177, ¶ 25, 699 A.2d at 1146.

The petitioner also claims that the failure to call Steve Dostie as a witness deprived him of evidence of an alibi or that he was not with Mr. Zinkovitch on May 12. The credible evidence adduced at the hearing on this matter showed, however,

4

that trial counsel and his private investigator did attempt to contact Mr. Dostie by letter, by telephone, and by a personal visit to his office, all without avail as Mr. Dostie did not respond to these contacts. Even if this witness had been cooperative, there is reason to doubt he could have recalled and testified that the petitioner was working with him throughout May 12 and therefore could not have been with Mr. Zinkovitch. He produced no employment records to that effect, and it is likely that he has confused May 12 with May 13 -- a natural consequence of the passage of more than five years from the time of an event until it was described.

From this, the court cannot conclude that trial counsel was ineffective in failing to call this potential alibi witness at trial. He made diligent efforts at the petitioner's request to find him, but had no basis, other than the petitioner's say-so, that he could provide the alibi for May 12 that the petitioner has advanced. Accordingly, Ground One will also not serve to support the petitioner's claim for a new trial.

Ground Four makes a claim comparable to Ground One. Here, the petitioner says that trial counsel was ineffective by failing to call Mickey Wing and Max Lamphire to counter the testimony of Deann Gamache that the cocaine provided to her came from the petitioner.

Nothing in the record adduced in this matter informs the court as to what Mr. Lamphire might testify to that might have assisted the petitioner. Mickey Wing (actually Michael V. Wing), however, did testify at the hearing on this matter that

he would have testified that the petitioner did not bring cocaine to the party where Deann Gamache said she obtained this drug from the petitioner.

The testimony of Andrew Zulieve, the trial attorney in this case, which the court finds credible, demonstrated that he contacted Mr. Wing at the State Prison but that all he got from this potential witness was that he really did not know anything, that he could not help Simonson, but that instead the attorney was to tell Jim "to come on up here and we'll take care of him." Faced with that response and with the potential of Mr. Wing, a fellow consumer of cocaine, testifying that he was the object of a solicitation by the petitioner to falsely claim that the cocaine in the latter's barn was his own, trial counsel wisely elected not to call him as a witness. Indeed, had Mr. Zulieve done so, the Amended Petition would likely have contained a count citing such a decision as evidence of ineffectiveness. As such, this alleged shortcoming by trial counsel also fails to support the petitioner's cause and will not suffice as a basis to provide him with post-conviction relief.

The balance of the testimony relied on by the petitioner, namely his own and that of Tracy Hotham, lends no support to his claims. Indeed, the court finds their testimony, particularly that of Mr. Hotham, to be unreliable and unworthy of belief. Their assertions and those concerning Faylene Poulin and other potential witnesses who the petitioner cites as having been available to assist him are unfounded or speculative. In truth, and contrary to the claims made by the petitioner, while his trial attorney may have lacked experience, he approached and carried out the defense in this case in a thorough and thoughtful fashion -- a daunting task given

6

the strength of the State's case and the poor judgment of his client who was caught soliciting another to take the blame for his crime. Accordingly, the court concludes that the Amended Petition is wholly without merit in that the petitioner has failed to establish that his trial counsel's performance fell below that of an ordinary fallible attorney, the first and indispensable prong of the two-part test which must be met in order to succeed on a claim of this nature. *Brewer*, 1997 ME 177, ¶¶ 15-20, 699 A.2d at 1143-1144. This petitioner had a fair trial with competent counsel and must live with the judgment imposed in this case.

For all the reasons cited herein, the entry must be:

Amended Petition is DENIED.

So ordered.

February 28, 2000

John R. Atwood
Justice, Superior Court

7

STATE OF MAINE                                                      SUPERIOR COURT
  vs                                                                KENNEBEC, ss.
JAMES   SIMONSON                                                    Docket No  AUGSC-CR-1997-00548
MAINE CORRECTIONAL CENTER P.O. BOX 250
DHAM ME 04082                                                       **DOCKET RECORD**

DOB: 02/05/1960
Attorney: DARLA MONDOU                          State's Attorney: DAVID CROOK
         APPOINTED 12/30/1997


Filing Document: PETITION                       Major Case Type: POST CONVICTION REVIEW
Filing Date: 12/29/1997

## Charge(s)

## Docket Events:

05/07/1998 FILING DOCUMENT - PETITION FILED ON 12/29/1997

05/07/1998 JUDICIAL - REVIEW SENT FOR REVIEW ON 12/29/1997

         COPIES OF PETITION, DOCKET ENTRIES, JUDGMENT AND COMMITMENT ORDERS, AND INDICTMENT FOR CR
         94-260 MAILED TO PAT CHAMPAGNE AND DA.
05/07/1998 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 02/02/1998
         S KIRK STUDSTRUP , JUSTICE
         COPIES TO DA AND ATTY. MONDOU.
05/07/1998 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 04/02/1998

         COPY TO DA.
/07/1998 OTHER FILING - OTHER DOCUMENT FILED ON 04/09/1998

         AFFIDAVITS OF MICHAEL WING, STEVE DOSTIE, ROXANNE DOSTIE AND RALPH MCPHERSON FILED.
05/07/1998 NOTE - OTHER CASE NOTE ENTERED ON 05/07/1998

         RESPONDENT'S (STATE) ANSWER TO THE AMENDED PETITION FOR POST CONVICTION REVIEW DATED MARCH
         31, 1998 FILED.
06/10/1998 MOTION - OTHER MOTION FILED BY DEFENDANT ON 06/09/1998

         Attorney:  DARLA MONDOU
         PETITIONER'S MOTION FOR CONFERENCE AND EVIDENTARY HEARING RECEIVED.
06/17/1998 MOTION - OTHER MOTION FILED BY DEFENDANT ON 06/09/1998

         PETITIONER'S MOTION FOR LEAVE OF COURT FOR FURTHER AMENDMENT OF PETITION.
06/17/1998 MOTION - OTHER MOTION GRANTED ON 06/16/1998
         DONALD G ALEXANDER , ASSOCIATE JUSTICE
         PETITION AMENDED AS REQUESTED. COPIES TO COUNSEL.
08/21/1998 HEARING - PCR CONFERENCE SCHEDULED FOR 09/11/1998 @ 8:30

         NOTICE TO ATTYS.
09/15/1998 HEARING - PCR CONFERENCE HELD ON 09/11/1998
         JOHN R ATWOOD , JUSTICE
         Attorney:  DARLA MONDOU

         DA:  PAUL RUCHA
9/15/1998 OTHER FILING - ORDER FILED ON 09/11/1998
         JOHN R ATWOOD , JUSTICE

PRE-HEARING ORDER RESULTING FROM CONFERENCE FILED.   COPIES TO ATTORNEYS
23/1998 OTHER FILING - OTHER DOCUMENT FILED ON 09/21/1998

PETITIONER'S LIST OF PROPOSED WITNESSES FOR HEARING.
12/11/1998 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 01/05/1999 @ 9:00

12/11/1998 NOTICE - NOTICE OF HEARING SENT ON 12/09/1998

COPY MAILED TO ATTY. MONDOU AND D.A.
12/28/1998 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/28/1998

EVIDENTIARY HEARING ON PETITION.
01/04/1999 MOTION - MOTION TO CONTINUE GRANTED ON 01/04/1999
         S KIRK STUDSTRUP , JUSTICE
         CONTINUED TO A DATE TO BE SET BY THE CLERK.
01/06/1999 HEARING - EVIDENTIARY HEARING CONTINUED ON 01/04/1999

02/18/1999 MOTION - OTHER MOTION FILED BY DEFENDANT ON 02/18/1999

COUNSEL'S MOTION FOR INTERIM PAYMENT OF FEES EARNED ALONG WITH ASSIGNED     COUNSEL
VOUCHER.
02/23/1999 MOTION - OTHER MOTION DENIED ON 02/19/1999
         JOHN R ATWOOD , JUSTICE
         COPY TO COUNSEL.
03/01/1999 MOTION - MOTION TO SET BAIL FILED BY DEFENDANT ON 02/26/1999

02/1999 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 04/02/1999

04/08/1999 HEARING - MOTION TO AMEND BAIL HELD ON 04/06/1999
         NANCY  MILLS , JUSTICE
         Attorney:  DARLA MONDOU

         DA:  PAUL RUCHA          Reporter: CASE ENOCH
         Defendant Present in Court
04/08/1999 MOTION - MOTION TO SET BAIL DENIED ON 04/08/1999
         NANCY  MILLS , JUSTICE
         MOTION FOR POST CONVICTION BAIL IS DENIED.   THE COURT IS NOT SATISFIED IN PARTICULAR THAT
         THE REQUIREMENTS OF 15 M.R.S.A. SS1051(2) ARE SATISFIED.   SEE ALSO M.R.CRIM.P. 74(B).
         COPIES TO ATTYS.
04/08/1999 MOTION - MOTION TO COMPEL FILED BY DEFENDANT ON 04/06/1999

TRANSCRIPTION OF OPENING AND CLOSING ARGUMENTS OF THE PETITIONER'S TRIAL.
04/08/1999 HEARING - MOTION TO COMPEL HELD ON 04/06/1999
         NANCY  MILLS , JUSTICE
         Attorney:  DARLA MONDOU

         DA:  PAUL RUCHA          Reporter: CASE ENOCH
04/08/1999 MOTION - MOTION TO COMPEL GRANTED ON 04/06/1999

TRANSCRIPTION OF OPENING AND CLOSING ARGUMENTS OF THE PETITIONER'S TRIAL IS GRANTED.
TRANSCRIPTS OF OPENINGS AND CLOSINGS WILL BE PREPARED.   COPIES TO ATTYS.
15/1999 OTHER FILING - TRANSCRIPT FILED ON 06/15/1999

OPENING & CLOSING STATEMENT HEARD ON 4/20/94 AND 4/21/94 IN CR 94-260 FILED BY SHELLEY PAROLA, COURT REPORTER.

07/15/1999 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 08/19/1999 @ 9:00

12/13/1999 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/20/1999 @ 1:00

CERTIFIED COPY TO SHERIFF DEPT.

12/13/1999 HEARING - EVIDENTIARY HEARING NOT HELD ON 08/19/1999

12/13/1999 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/20/1999 @ 13:00

NOTICE TO PARTIES/COUNSEL

12/13/1999 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/20/1999 @ 1:00

CERTIFIED COPY TO SHERIFF DEPT.

01/07/2000 HEARING - EVIDENTIARY HEARING HELD ON 12/20/1999
JOHN R ATWOOD , JUSTICE
Attorney: DARLA MONDOU

DA: EVERT FOWLE        Reporter: PHILIP GALUCKI
Defendant Present in Court
PETITIONER BEGINS PRESENTATION OF EVIDENCE TO THE COURT.   CAE RECESSES TO 12/21/99.

01/07/2000 MOTION - MOTION IN LIMINE MADE ORALLY BY STATE ON 12/20/1999

TO EXCLUDE TESTIMONY OF THOMAS PLATT AND RALPH MCPHERSON.

01/07/2000 MOTION - MOTION IN LIMINE GRANTED ON 12/20/1999

01/07/2000 MOTION - MOTION TO SEQUESTER WITNESSES FILED BY STATE ON 12/20/1999

01/07/2000 MOTION - MOTION TO SEQUESTER WITNESSES GRANTED ON 12/20/1999

COPY TO PARTIES/COUNSEL

01/10/2000 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 12/20/1999

01/10/2000 HEARING - EVIDENTIARY HEARING HELD ON 12/21/1999
JOHN R ATWOOD , JUSTICE
Attorney: DARLA MONDOU

DA: EVERT FOWLE        Reporter: PHILIP GALUCKI
Defendant Present in Court
CASE RESUMES WITH CONTINUATION OF CASE TO THE COURT.   PARTIES PRESENT OPENING STATEMENTS AND EVIDENCE TO THE COURT.   PARTIES REST.

01/10/2000 MOTION - MOTION FOR JUDGMENT MADE ORALLY BY STATE ON 12/21/1999

01/10/2000 MOTION - MOTION FOR JUDGMENT DENIED ON 12/21/1999

AS TO GROUND 1.

01/10/2000 MOTION - MOTION FOR JUDGMENT UNDER ADVISEMENT ON 12/21/1999

AS TO ALL OTHER GROUNDS.

01/10/2000 JUDICIAL - JUDGMENT DETERMINATION UNDER ADVISEMENT ON 12/21/1999

PETITIONER TO FILE BRIEF BY 1/15/00 AND STATE TO RESPOND WITHIN 5 DAYS.

01/10/2000 MOTION - MOTION TO SET BAIL MADE ORALLY BY DEF ON 12/21/1999

PENDING DECISION IN THIS CASE.

01/10/2000 MOTION - MOTION TO SET BAIL DENIED ON 12/21/1999

01/10/2000 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 12/21/1999

01/12/2000 BRIEF - PETITIONERS BRIEF FILED ON 01/12/2000

CLOSING ARGUMENTS AND MEMO OF LAW.

01/21/2000 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 01/21/2000

TO FILE RESPONSE MEMORANDUM.

02/03/2000 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 02/02/2000

COPY TO PARTIES/COUNSEL

02/03/2000 BRIEF - STATES BRIEF FILED ON 02/02/2000

02/28/2000 FINDING - DENIED ENTERED BY COURT ON 02/28/2000

02/28/2000 OTHER FILING - ORDER FILED ON 02/28/2000
JOHN R ATWOOD , JUSTICE
DECISION AND ORDER ON POST CONVICTION REVIEW. COPIES TO ATTORNEY, STATE, PETITIONER,
DEBORAH FIRESTONE, DONALD GOSS, AND GARBETCH LAW LIBRARY.

## Exhibits

12/21/1999  PETITIONER, Exhibit#001, LETTER DATED 11/15/94., Adm over obj on 12/21/1999.
12/21/1999  PETITIONER, Exhibit#002, JACKSON INTERVIEW REPORT, Adm w/o obj on 12/21/1999.
12/21/1999  PETITIONER, Exhibit# 3, LETTER DATED 1/5/95, Adm w/o obj on 12/21/1999.
12/21/1999  PETITIONER, Exhibit#4, ITEMIZED STATEMENT, Marked on 12/21/1999.
12/21/1999  PETITIONER, Exhibit#5, LETTER DATED 10/10/94, Marked on 12/21/1999.
12/21/1999  PETITIONER, Exhibit#6, LETTER DATED 1/18/95, Marked on 12/21/1999.
12/21/1999  PETITIONER, Exhibit#07, LETTER DATED 1/24/95, Marked on 12/21/1999.
12/21/1999  PETITIONER, Exhibit# 8, LETTER DATED 2/24/95, Marked on 12/21/1999.
12/21/1999  STATE, Exhibit#001, LETTER DATED 11/10/94, Adm w/o obj on 12/21/1999.
12/21/1999  STATE, Exhibit#002, LETTER DATED 1/5/95, Adm w/o obj on 12/21/1999.
12/21/1999  STATE, Exhibit#003, LIST OF NAMES FROM JAMES SIMONSON, Adm w/o obj on 12/21/1999.
12/21/1999  STATE, Exhibit#004, ITEMIZED STATEMENT, Adm w/o obj on 12/21/1999.
12/21/1999  STATE, Exhibit#005, LETTER FROM SIMONSON TO ZULIEVE, Marked on 12/21/1999.

A TRUE COPY
ATTEST: _____
                        Clerk